**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS CSEHI, | CASE NO. 1:25-cv-00046 |
| Petitioner, | DISTRICT JUDGE DONALD C. NUGENT |
| vs. | MAGISTRATE JUDGE AMANDA M. KNAPP |
| WARDEN SHELBIE SMITH, | **ORDER** |
| Respondent. | |

Before the Court are the following motions filed by pro se Petitioner Nicholas Csehi ("Petitioner"): (1) Petitioner's Motion to Expand the Record (ECF Doc. 9 ("Motion to Expand")); and (2) Petitioner's Motion for Extension of Time to File Traverse (ECF Doc. 10 ("Motion for Extension")).  Respondent filed a response to the Motion to Expand (ECF Doc. 12) and supplemented the state court record to include the requested jury verdict forms (ECF Doc. 11).  For the reasons set forth below, the Court **GRANTS** in part and **DENIES** in part the Motion to Expand (ECF Doc. 9) and **GRANTS** the Motion for Extension (ECF Doc. 10).

## I.        Procedural Background

Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") on January 10, 2025, relating to his 2023 murder conviction.[1]  (ECF Doc. 1.)  The Petition is before the undersigned magistrate judge pursuant to Local Rule 72.2.

Mr. Csehi raised the following 12 grounds for relief in his petition:

---

[1]  "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).  It is not clear from the record what date the Petition was placed in the prison mailing system. (*See* ECF Doc. 1, p. 18.)  Thus, the Court considers it filed on January 10, 2025, the date it was docketed.  (*Id.*)

**Claim No. #1**: The state court's decision on the state law review of the manifest weight of the evidence claim was error that amount [sic] to a fundamental miscarriage of justice and violation of the right to due process in violation of the United States Constitution. Therefore, review of the state law claim is warranted pursuant to Floyd v. Alexander, 148 F.3d 615, 619, (6th Cir.), Cert. Denied, 525 U.S. 1025, 119 S.Ct. 557, 142 L. Ed. 2d. 464 (1998).

**Claim No. #2**: The trial court and court of appeals finding of no discriminatory intent on Batson challenge is clearly erroneous, and was based on an unreasonable determination of the facts in light of the evidence.

**Claim No. #3**: The court of appeal denied the appellant due process right to fair appellate review and equal application of the law where it failed to evaluate the ineffective assistance of appellate counsel claims pursuant to the standard set forth in Henness v. Bagley, 644 F.3d 308 (6th Cir. 2011) which mandates the determination whether the issues presented was [sic] clearly stronger than the issues counsel raised on direct appeal.

**Claim No. #4**: Appellant was denied the effective assistance of appellate counsel where counsel failed to raise on direct appeal ineffective assistance of trial counsel where trial counsel failed to adequately cross-examine the coroner who performed the autopsy regarding the toxicology report on the deceased.

**Claim No. #5:** Appellant was denied the effective assistance of appellate counsel where counsel failed to raise on direct appeal ineffective assistance of trial counsel where trial counsel failed to request an expert witness to testify to the effect of alcohol and drugs found in the decedent's [sic] system.

**Claim No. #6:** Appellant was denied the effective assistance of appellate counsel where counsel failed to raise on direct appeal ineffective assistance of trial counsel where trial counsel failed to introduce evidence of the violent character of the decedent [sic], of his reputation for violence, and of specific instances of prior violence.

**Claims No. #7:** Appellant was denied the effective assistance of appellate counsel where counsel failed to raise on direct appeal ineffective assistance of trial counsel where trial counsel failed to object to the introduction of autopsy photographs which were highly inflammatory and prejudicial.

**Claim No. #8:** Appellant was denied the effective assistance of appellate counsel where counsel failed to raise on direct appeal the trial court committed plain error in issuing certain jury instructions on self-defense were [sic] not supported by the evidence in two instances.

**Claim No. #9:** Appellant was denied the effective assistance of appellate counsel where counsel failed to raise on direct appeal ineffective assistance of trial counsel

where trial counsel failed to object to the trial court's jury instruction on fault and retreat.

**Claim No. #10:** Appellant was denied the effective assistance of appellate counsel where counsel failed to raise on direct appeal ineffective assistance of trial counsel where trial counsel failed to obtain qualified expert to testify that violent behavior increases during periods of alcohol and drug use.

**Claim No. #11:** Appellant was denied the effective assistance of appellate counsel where counsel failed to raise on direct appeal the trial court erred and denied appellant due process of law and a fair trial when it failed to properly charge the jury and provide a separate verdict form on the issue of self-defense. Thus, trial counsel was ineffective for failing to object.

**Claim No. #12:** Appellant was denied the effective assistance of appellate counsel where counsel failed to raise on direct appeal all of the issues collectively amounted to cumulative error.

(ECF Doc. 1, pp. 12-17.)

The Respondent filed his Return of Writ on May 13, 2025.  (ECF Doc. 8.)  On May 28,

2025, Petitioner filed his Motion to Expand (ECF Doc. 9), asking the Court to order Respondent

to supplement the state court record with the following documents:

(1) Juror No. 12 questionnaire;

(2) Pictures taken by Detective Palinkas at the Ashtabula Medical Center documenting abrasions of Petitioner showing evidence that the victim attempted to strangle him during the incident;

(3) Trial exhibit 14, the Petitioner's statement;

(4) The victim's toxicology report;

(5) The photos taken by the coroner of the victim and shown to the jury; and

(6) The jury verdict form.

(ECF Doc. 9, p. 2.)  At the end of his Motion for an Extension, Petitioner included a "Motion for

an Evidentiary Hearing."  (*Id*. at p. 6.)

3

Respondent supplemented the state court record with the jury verdict form (ECF Doc. 11), but otherwise opposes expanding the record to include the other requested documents (ECF Doc. 12).  Petitioner filed a reply on July 1, 2025.  (ECF Doc. 13.)

On June 10, 2025, Petitioner also requested an extension of time to file his Traverse, stating that he will need more time to review any new evidence before filing his Traverse if the Motion to Expand is granted.  (ECF Doc. 10.)

## II.  Motion to Expand

### A.  Legal Framework for Expansion of Record

Rule 7 of the Rules Governing Section 2254 Cases provides that "the Court may direct the parties to expand the record by submitting additional materials relating to the petition." Rules Governing § 2254 Cases, 28 U.S.C. § 2254 (2010).  "The decision of whether to expand the record, however, is within the sound discretion of the district court."  *West v. Bell*, 550 F.3d 542, 551 (6th Cir. 2008).  Because "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court," a federal habeas court may only review evidence that was in the state court record at the time of the state court proceedings.  *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011); *Black v. Bell*, 664 F.3d 81, 91 (6th Cir. 2011).

### B.  Petitioner's Requests for Specific Documents

Petitioner offers only limited arguments as to why the Court should expand the record to include the requested documents.  He claims generally that the Court should expand the record "to alleviate any factual disputes in the regards to Petitioner's Constitutional claims" and "to facilitate a full and fair review of Petitioner's Constitutional claims."  (ECF Doc. 9, p. 1.)  He also asserts that "an expansion of the record in the present matter is warranted because the

4

Government relies on evidence not currently in the habeas record to support its arguments in the return of writ." (ECF Doc. 9, p. 2.) But he does not identify what factual disputes the requested evidence would resolve, nor does he identify what pieces of requested evidence were allegedly relied upon by Respondent in the Return of Writ but not included in the state court record.

More specifically, Petitioner asserts that the requested documents are necessary to decide Grounds Two, Four, Seven, and Eleven of the Petition and to decide his "Actual/Factual Innocence Claim Relating to Self-Defense Claim presented in the State Court." (*Id*. at p. 4.) He does not identify which documents pertain to which grounds/claims or how they would affect the Court's analysis of those claims. The Court will address each piece of evidence in turn.

### 1. Juror No. 12 Questionnaire

Petitioner asks first that the state court record be explained to include the "Juror No. 12 questionnaire." (ECF Doc. 9, p. 2.) This request apparently relates to Ground Two of the Petition, which alleges error in the handling of Petitioner's *Batson* challenge. (ECF Doc. 1, p. 12; *see* ECF Doc. 8-2, pp. 80-85.) During the voir dire prior to Petitioner's trial, the prosecutor used a peremptory strike to remove juror number 12, and defense counsel objected under *Batson v. Kentucky*, 476 U.S. 79 (1986), that the strike was based on race. (ECF Doc. 8-2, pp. 80-83.) The trial judge overruled the objection, stating he could not determine from the record whether juror number 12 was the same race as Petitioner, and noting that the juror indicated in her questionnaire that she would have issues with transportation to the trial. (*Id*. at pp. 81-85.)

Respondent argues that Petitioner's *Batson* claim is clearly meritless—making the submission of the jury questionnaire unnecessary to these proceedings—because the stricken juror must be the same race as the petitioner to support a *Batson* challenge, and the trial judge found that juror number 12's race was not stated in her questionnaire. (ECF Doc. 12, pp. 2-3

5

(citing *U.S. v. Odeneal*, 517 F.3d 406 (6th Cir. 2008)); ECF Doc. 8-2, pp. 82-84.)  A review of the trial transcript reveals that the trial judge reviewed the questionnaire in making his ruling on the *Batson* challenge and read certain portions into the record.  (ECF Doc. 8-2, pp. 83-84.)

The undersigned finds that the Juror 12 Questionnaire was relevant to the proceedings giving rise to the Petition, was part of the record before the state court, and may assist this Court in deciding the merits of Petitioner's claims.  Accordingly, the Court **GRANTS** Petitioner's request to supplement the record to include the Juror No. 12 Questionnaire.

> **2.** **Pictures of Petitioner's Abrasions Caused by the Victim**

Petitioner next seeks to supplement the record to include pictures taken by Detective Palinkas, which reportedly document abrasions Petitioner sustained when the victim attempted to strangle him.  (ECF Doc. 9, p. 2.)  Respondent argues that these photographs are not necessary to adjudicate Mr. Csehi's Petition because "it is not disputed that he had abrasions on his person." (ECF Doc. 12, p. 3.)   Indeed, the state court's factual findings, which are presumed correct, *see* 28 U.S.C. § 2254(e)(1), include a finding that the victim choked Petitioner during their altercation.  (ECF Doc. 8-1, p. 84.)  Petitioner has offered no explanation as to why the Court must view the specified photographs to properly consider his self-defense claims, and the undersigned finds the existing record sufficient for the Court to consider the legal import of the victim choking Petitioner, without the submission of additional photographic evidence.

The Court also notes that it is not clear from the trial transcript that these photographs were before the state courts.  While Detective Palinkas testified that he took photographs of Mr. Csehi's abrasions (ECF Doc. 8-2, pp. 421-22), it is not clear they were submitted as a trial exhibits.  A federal habeas court may only review evidence that was in the state court record at the time of the state court proceedings.  *Cullen*, 563 U.S. at 181 (citing 18 U.S.C. § 2254).

While there are some limited exceptions to this general rule, the Court need not discuss these here, as Petitioner has not made any substantive arguments as to why the requested photographs must be considered.  Accordingly, the Court **DENIES** Petitioner's request to supplement the record to include photographs of his abrasions.

### 3.      Trial Exhibit 14, the Petitioner's Statement

Petitioner next seeks to supplement the record to include a copy of "Trial Exhibit 14, the Petitioner's Statement."  (ECF Doc. 9, p. 2.)  Respondent contends that it is not clear what document Petitioner is referencing.  (ECF Doc. 12, p. 3.)  The trial transcript does not contain an exhibit list (*see* ECF Doc. 8-2), but the transcript suggests State's Exhibit 14 was a picture of item number 2, a spent shell casing from the crime scene (*id.* at 249).  Respondent confirmed this after consulting the State and Clerk's Office.  (ECF Doc. 12, p. 3.)

Plaintiff does not specify in his Motion, nor does he clarify in his reply brief, what "Statement" he is seeking to have included in the record.  (*See* ECF Docs. 9, 13.)  He also has not explained why he believes it is necessary for the Court to consider that statement when reviewing his Petition.  (*Id.*)   Accordingly, the Court **DENIES** Petitioner's request to supplement the record to include "Trial Exhibit 14, the Petitioner's Statement."

### 4.      Victim's Toxicology Report and Autopsy Photographs

Petitioner also seeks to supplement the record to include copies of the victim's toxicology report and autopsy photographs.  (ECF Doc. 9, p. 2.)  These requests apparently relate to Grounds Four and Seven in the Petition, which allege that appellate counsel was ineffective for failing to raise trial counsel's failure to cross-examine the coroner regarding the toxicology report and his failure to object to "highly inflammatory and prejudicial" autopsy photographs. (ECF Doc. 1, pp. 13-14.)  Mr. Csehi does not explain in his Petition, the Motion to Expand, or

his reply brief how this additional evidence would assist the Court in deciding the merits of his Petition.  (*See* ECF Docs. 1, 9, 13.)

Respondent objects to inclusion of both the toxicology report and the autopsy photos. Regarding the toxicology report, Respondent does not dispute that the victim was under the influence of certain substances and notes that the state courts made factual findings about the victim's erratic and aggressive behavior.  (ECF Doc. 12, p. 4.)  Regarding the autopsy photos, Respondent asserts that the Court should defer to the "reasonable state court opinion" that found the photographs "were not gruesome or inflammatory."  (*Id.* (quoting ECF Doc. 8-1, p. 143).)

Both the toxicology report and the autopsy photos were submitted as exhibits at trial. (*See* ECF Doc. 8-2, pp. 276-77 (identifying State's Exhibit 51 as containing an autopsy report and toxicology report), 278 (identifying State's Exhibits 52-68 as autopsy photos).)  They were also reviewed and summarized by the state appellate court in deciding Petitioner's application to reopen his appeal.  (*See* ECF Doc. 8-1, pp. 141-43.)

While the Sixth Circuit expects district courts to review the state court trial transcript in habeas cases, this Court is not required to review trial exhibits.  *See Hopson v. Horton*, 838 F. App'x 147, 157 (6th Cir. 2020) (citing *Adams v. Holland*, 330 F.3d 398, 406 (6th Cir. 2003)); *see also* Rule Five of the Rules Governing § 2254 Cases (stating requirements for filing of trial transcripts).  In a case such as this, where Petitioner has not argued that a review of the trial exhibits will demonstrate an error in the trial transcript or the factual findings of the state appellate court, the Court finds Petitioner has not sufficiently supported his request to expand the record to include those trial exhibits.  *See Hopson*, 838 F. App'x at 158 (noting district court need not examine trial records where "(1) the state court opinions summarize trial testimony or relevant facts, and (2) the petitioner does not dispute those summaries" (quoting *Kraus v. Taylor*,

715 F.3d 589, 596 (6th Cir. 2013)).  Accordingly, the Court **DENIES** Petitioner's requests to supplement the record to include the toxicology report and autopsy photos.

> **5.**     **Jury Verdict Forms**

Petitioner also requests that the record be supplemented to include the jury verdict forms from his trial (ECF Doc. 9, p. 2), but that request is **MOOT** because Respondent has since supplemented the record to include the jury verdict forms (ECF Doc. 11).

**C.**     **Petitioner's Request for Evidentiary Hearing**

Petitioner has also moved for an evidentiary hearing, but without identifying the type of evidence he seeks to obtain or making any argument as to why a hearing is necessary.  (ECF Doc. 9, p. 6; ECF Doc. 13, p. 4.)

While evidentiary hearings are not precluded in federal habeas proceedings, they are permitted only in limited circumstances.  As set forth in 28 U.S.C. § 2254(e)(2):

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, <u>the court shall not hold an evidentiary hearing on the claim unless</u> the applicant shows that—
>
> (A) the claim relies on—
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2) (emphasis added); *see also* Rule 8 of the Rules Governing Habeas Corpus Cases Under Section 2254 (addressing evidentiary hearings).  Even where a petitioner "is not disqualified from receiving an evidentiary hearing under § 2254(e)(2)," the Sixth Circuit has

recognized that mere fact "does not entitle him to one." *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003). Indeed, the Sixth Circuit has recognized even in death penalty cases that "'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing.'" *Id.* (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)) (alternations in original).

Petitioner has done no more than generally request an evidentiary hearing. (ECF Doc. 9, p. 6; ECF Doc. 13, p. 4.) The Court finds he has not met his burden to support the extraordinary relief of an evidentiary hearing, and his motion for an evidentiary hearing is therefore **DENIED**.

### D. Motion for Extension of Time to File Traverse

Petitioner seeks an extension of time to file the Traverse, arguing that he will need time to review any supplements to the record. (ECF Doc. 10.) The Court **GRANTS** Petitioner's request for an extension of time. His Traverse shall be filed within 30 days of the date that Respondent supplements the record as ordered below.

### E. Conclusion

For all the reasons set forth above, the Court **GRANTS** Petitioner's Motion to Expand (ECF Doc. 9) in part and **DENIES** it in part. The Court also **GRANTS** Petitioner's Motion for Extension of Time to File the Traverse. Respondent shall have 15 days from the date of this order to supplement the state court record with the Juror Number 12 Questionnaire. Petitioner shall have 30 days from the date any supplemental evidence is filed to file a Traverse.

Dated: August 13, 2025

  *s/ Amanda M. Knapp*
AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE